[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action was initiated in state court. The plaintiffs, Kevin Kiner, Keith Kiner, Keith Mensah and Jerome Kelly, filed a five count complaint against the defendants, James White, Brian Cavanaugh, Gordon Gyngell and the Town of Simsbury, alleging "(1) intentional or negligent assault and battery; (2) indemnification of defendant officers by the Town of Simsbury pursuant to Conn. Gen. Stat. 7-465; (3) invasion of privacy; (4) intentional infliction of emotional distress; and (5) a race discrimination action based on 42 U.S.C. § 1981,1983, 1985(3) and 1986." (Sua Sponte Order Remanding the Action to State Court, Covello, J.).
On October 23, 1989, the defendants filed a petition for removal to federal court pursuant to 28 U.S.C. § 1441, asserting that count five raised a federal question. The petition was subsequently granted.
On June 11, 1990, the federal district court dismissed count five, the only count that asserted federal claims.
On August 6, 1992, the plaintiffs filed an amended complaint removing count five from the complaint and adding a demand for jury trial on the complaint. This demand was typed at the bottom of the complaint; no separate express claim was made. On August 19, 1992, the defendants filed a motion to strike the jury demand on the ground that plaintiffs failed to timely serve an express demand for a jury trial pursuant to CT Page 3111 Rule 81(c) of the Federal Rules of Civil Procedure. The defendants also filed an answer and special defenses to the August 6, 1992 amended complaint on the same date. On January 19, 1993, the federal district court, Covello, J., granted the defendants' motion to strike from the jury docket.
On July 2, 1993, the federal district court, Covello, J., ordered, sua sponte, that this case be remanded to state court because the remaining claims did not implicate federal law.
On August 16, 1993, the plaintiffs filed a claim slip for the jury docket in state court. On August 23, 1993, the defendants filed a motion to strike from the jury list pursuant to Practice Book 282, on the basis that "the plaintiffs' claim was not seasonably filed." The defendants have also filed a memorandum in support of their motion. On September 3, 1993, the plaintiffs filed a memorandum in opposition to the motion to strike from the jury list. On October 12, 1993, the defendants filed a supplemental memorandum in support of their motion to strike from the jury docket.
The defendants argue that the federal district court has already stricken the plaintiffs' jury demand, therefore, the plaintiffs' jury claim in state court is not "seasonably filed." The defendants argue that "the fact that this case has been remanded to the State Court does not now allow the plaintiff to relitigate the issue of the timeliness of their jury demand. . . ." In opposition to the defendants' motion to strike from the jury docket, the plaintiffs argue that the only documents on file in state court at the time the plaintiffs made their state court jury claim were their original complaint, an order for removal and an order for remand. Therefore, the plaintiffs argue, the issues have yet to be joined in state court and their jury claim is timely.
The federal district court, Covello, J., made a determination of the plaintiffs' right to claim a jury trial pursuant to Rule 81(c) of the Federal Rules of Civil Procedure. The plaintiffs' right to demand a jury trial has not been determined with regard to Connecticut law. Since the case has been remanded to state court, the state court should now determine the plaintiffs' right to a jury trial under General Statutes 52-215. Accordingly, the defendants' motion to strike from the jury docket on the ground that the issue CT Page 3112 may not be relitigated is denied.
Mary R. Hennessey, Judge